# No. 14-1117-bk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

In re: Bernard L. Madoff Investment Securities LLC

Richard Surabian, et al.,

*Appellants*,

*v.*

Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC

*Appellee*.

On Appeal from the United States District Court
for the Southern District of New York

**Trustee-Appellee's Motion to Dismiss or, in the Alternative, for Summary Affirmance**

DAVID J. SHEEHAN
JORIAN L. ROSE
AMY E. VANDERWAL
*Attorneys for Trustee-Appellee Irving H. Picard, as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

Appellee Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*,("SIPA"),[1] and the estate of Bernard L. Madoff ("Madoff"), pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Local Rule 27.1 of the United States Court of Appeals for the Second Circuit, and this Court's inherent authority, moves for dismissal of this appeal or, in the alternative, for summary affirmance.  Because this appeal arises from an untimely notice of appeal filed in the bankruptcy court and is otherwise frivolous, the Trustee respectfully contends this Court should dismiss the appeal or, in the alternative, affirm the order entered by the United States District Court for the Southern District of New York (the "District Court") that is being appealed.

## SUMMARY

This appeal is the latest in a long line of litigation needlessly and frivolously pursued by Steven and Richard Surabian (the "Appellants").[2]  In this iteration of Appellants' seemingly ceaseless barrage of motions and appeals, they seek review of an order (the "District Court Dismissal Order") entered by the District Court

---

[1] For convenience, future references to SIPA shall omit "15 U.S.C."
[2] Steven and Richard Surabian have also submitted briefs on behalf of their now-deceased father, Mr. Martin M. Surabian.  According to publicly-available sources, Martin Surabian passed away on February 13, 2013.

dismissing their appeal of an order entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") denying their motion to remove the Trustee in his capacity as the trustee for the BLMIS and Madoff bankruptcy estates. The appeal of the Bankruptcy Court's order to the District Court was not timely filed, and the District Court properly dismissed the appeal because the District Court lacked the jurisdiction to consider it.

Appellants' filing of this meritless appeal is in keeping with their pattern of vexatious litigation. Appellants assert they had accounts with BLMIS and filed claims with the Trustee. The books and records of BLMIS show, however, that Appellants did not have BLMIS accounts and were not BLMIS customers. Accordingly, after providing Appellants ample opportunity to submit any information or documentation demonstrating the validity of their claims, the Trustee denied their claims. To date, no such evidence has been provided. Instead, Appellants have filed multiple motions and appeals, apparently hoping for a different result through sheer volume. Included in this bevy of filings was the motion to remove the Trustee. Both the Bankruptcy Court and the District Court

easily dispatched with the Appellants' baseless arguments regarding dismissal of the Trustee.[3]

Because Appellants can present no argument that will make their late-filed appeal timely, there is no colorable legal or factual issue to consider on appeal. This appeal is the epitome of frivolity and should be dismissed or, in the alternative, the District Court Dismissal Order should be summarily affirmed.

## **BACKGROUND FACTS**

### A. **Procedural Background**

As is well known, on December 11, 2008, Madoff was arrested and criminally charged with a multi-billion dollar securities fraud scheme in violation of § 78j(b) and 17 C.F.R. § 240.10b-5 in the District Court, captioned *United States v. Madoff*, No. 08-MAG-2735 (S.D.N.Y. filed Dec. 11, 2008). Also on December 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court against Madoff and BLMIS. *Sec. Exch. Comm'n v. Madoff*, No. 08-10791 (S.D.N.Y. filed Dec. 11, 2008) ("SEC Action").

On December 15, 2008, pursuant to § 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application of the Securities

---

[3] The District Court dismissed the appeal for lack of jurisdiction but, for purposes of completeness, considered and rejected the merits of Appellants' substantive arguments.

3

Investor Protection Corporation ("SIPC"). On that date, the District Court entered a protective decree, to which BLMIS consented, which, in pertinent part: (i) appointed the Trustee for the liquidation of the business of BLMIS pursuant to § 78eee(b)(3) of SIPA; (ii) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to § 78eee(b)(3) of SIPA; and (iii) removed the case to the Bankruptcy Court pursuant to § 78eee(b)(4) of SIPA.

On March 12, 2009, Madoff pled guilty to an eleven-count criminal information. At the March 12, 2009 plea hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." *See* Plea Hr'g Tr. at 23:14–17, *United States v. Madoff*, No. 09-CR-213(DC) (S.D.N.Y. Mar. 12, 2009). On June 29, 2009, Madoff was sentenced to 150 years in prison for his crimes.

### B. The Expungement of Appellants' Purported Claims

Following an application by the Trustee dated December 21, 2008, the Bankruptcy Court entered the Claims Procedures Order, which sets forth the customer claims process under SIPA. *In re Bernard L. Madoff Inv. Sec. LLC*, Case No. 08-01789 (Bankr. S.D.N.Y. filed Dec. 11, 2008) Bankr. ECF No. 12.[4] By the mandatory statutory bar date for filing claims under § 78fff-2(a)(3) of SIPA, the

---

[4] All filings in *In re Bernard L. Madoff Inv. Sec. LLC*, Case No. 08-01789 (Bankr. S.D.N.Y. filed Dec. 11, 2008) are cited using "Bankr. ECF No."

4

Trustee had received over 16,500 customer claims, including eight claims filed by Appellants and their family members (collectively, the "Surabian Claims"). Bankr. ECF No. 4732, Ex. A. The Trustee denied the Surabian Claims on December 8, 2009 because there was no evidence in the books and records of BLMIS that they ever invested any money, either directly or indirectly, with BLMIS. Bankr. ECF No. 1209. On January 4, 2010, Appellants filed an objection to the Trustee's claim determinations. *Id.*

During the claims administration process, Appellants never produced any documentary evidence that their supposed multi-million dollar accounts ever existed or that they entrusted any money to BLMIS. *See* SIPA § 78fff-2(b). There is no record of Appellants' investment in the BLMIS books and records, and the books and records of a broker are a critical component in determining a customer's claim under SIPA. *See generally In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 232 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S. Ct. 2712 (2012), *cert. den.*, 133 S. Ct. 25, 133 S. Ct. 24 (2012) (discussing BLMIS records).

On March 16, 2012, the Trustee filed a motion (the "Third Omnibus Motion") seeking to have the Bankruptcy Court expunge any and all claims and objections filed by, *inter alia*, claimants that did not invest with BLMIS, which included Appellants. Bankr. ECF No. 4732. Appellants again did not provide any

5

evidence in response to the Third Omnibus Motion supporting their assertion they were BLMIS customers. On April 19, 2012, after notice and a hearing—at which Appellants did not appear—the Bankruptcy Court expunged the Surabian Claims pursuant to § 78fff–2(b)(2) of SIPA and the Claims Procedures Order (the "Expungement Order"). Bankr. ECF No. 4779.

C. **Appellants' History of Frivolous Motions and Appeals**

Appellants have not limited themselves to filing frivolous motions and appeals only in relation to the denial of the Surabian Claims. Both before and after the Bankruptcy Court expunged their claims, Appellants filed numerous baseless motions and objections before the Bankruptcy Court, and have pursued three other baseless appeals. In addition to protesting the Expungement Order, Appellants have also sought to insert themselves in the Bankruptcy Court proceedings by objecting to matters in which they have no interest or involvement. Examples of Appellants' filings and appeals include:

- Objecting to the Trustee's motion for an order for a scheduling hearing to address the issue of who constitutes a "customer." Bankr. ECF No. 2133. The Bankruptcy Court overruled the objection. Bankr. ECF No. 2205.

- Objecting to a proposed settlement between the Trustee and the Estate of Jeffry M. Picower that would facilitate the return of $5 billion to the estate. Bankr. ECF No. 3641. The Bankruptcy Court overruled the objection. *Picard v. Picower*, Adv. No. 09-01197 (BRL) (Bankr. S.D.N.Y. filed Jan. 13, 2011), ECF No. 43.

- Filing the sole objection to the settlement between the Trustee and Trotanoy Investment Company, Ltd., *et al*. *Picard v. Trotanoy Inv.*

*Co.*, Adv. No. 10-05208 (BRL) (Bankr. S.D.N.Y. filed Apr. 4, 2012), ECF No. 53.  The Bankruptcy Court overruled the objection and characterized it as confusing and without basis.  Hr'g Tr., 8:1, *Picard v. Trotanoy*, Adv. No. 10-05208, ECF No. 60.

- Objecting to the Trustee's Motion for a Second Interim Distribution.  Bankr. ECF No. 4965.  The Bankruptcy Court overruled the objection for lack of standing.  Hr'g Tr. 21:6, Aug. 22, 2012, Bankr. ECF No. 5014 ("Finally, the objections that are unrelated to the reserve amount are I find frivolous, and they were set forth by individuals [the Appellants] who I've already found previously lack standing as their claims have been denied and accordingly overruled.").

- Objecting to the Trustee's motion seeking a scheduling order with respect to whether to adjust customer claims to provide time-based damages.  Bankr. ECF No. 4952.  The Bankruptcy Court overruled the objection.  Bankr. ECF No. 5022.

- Filing a late Notice of Appeal of the order that approved the Second Interim Distribution to Customers.  Bankr. ECF No. 5031.  The Trustee objected to the appeal, and later Appellants filed a Motion to File Late Appeal.  Bankr. ECF No. 5209.  Before the Bankruptcy Court could enter its order denying the Motion to File Late Appeal, Bankr. ECF No. 5325, the appeal was dismissed as untimely by District Court Judge Katherine B. Forrest.  *Surabian v. Picard*, No. 12 Civ. 07999 (KBF) (S.D.N.Y. filed Oct. 26, 2013), ECF No. 15.

- Filing the Motion to File a Late Opposition to the Trustee's Third Omnibus Motion and Motion to File Late Notice of Appeal of Order Granting Approval.  Bankr. ECF No. 5186.  The Bankruptcy Court denied the motion, and Appellants appealed to the District Court.  Bankr. ECF No. 5326.  District Court Judge Andrew L. Carter affirmed the Bankruptcy Court's order.  *Surabian v. Picard*, 13 Civ. 04332 (ALC) (S.D.N.Y. filed June 21, 2013), ECF No. 27.

- Filing a motion for reconsideration of the Expungement Order.  Bankr. ECF No. 5206.  The Bankruptcy Court denied the motion, and Appellants appealed to the District Court.  Bankr. ECF No. 5326.  Judge Carter affirmed the Bankruptcy Court's order.  *Surabian v. Picard*, 13 Civ. 04332 (ALC) (S.D.N.Y. filed June 21, 2013), ECF No. 27.

7

- Filing a motion to subpoena the books and records of the Trustee and BLMIS. Bankr. ECF No. 5290. The Bankruptcy Court denied the motion, and Appellants appealed to the District Court. Bankr. ECF No. 5326. Judge Carter affirmed the Bankruptcy Court's order. *Surabian v. Picard*, 13 Civ. 04332 (ALC) (S.D.N.Y. filed June 21, 2013), ECF No. 27.

- Filing a motion to compel Madoff to testify before the Bankruptcy Court regarding Appellants' alleged claims. Bankr. ECF No. 5199. The Bankruptcy Court denied the motion, and Appellants appealed to the District Court. Bankr. ECF No. 5325. Judge Carter affirmed the Bankruptcy Court's order. *Surabian v. Picard*, 13 Civ. 04332 (ALC) (S.D.N.Y. filed June 21, 2013), ECF No. 27.

- Filing an appeal of the Expungement Order more than eight months after the deadline to file an appeal. *In re Bernard L. Madoff*, 13 Civ. 02649 (S.D.N.Y. Filed Apr. 24, 2013). District Court Judge Alvin K. Hellerstein dismissed the appeal because it was not timely filed. *Id.* ECF No. 23.

D. **Appellants' Motion to Remove the Trustee and Subsequent Appeal**

On August 23, 2012, Appellants filed the Motion to Remove Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff (the "Removal Motion"). Bankr. ECF No. 5003. Appellants argued that the Trustee had incorrectly denied their claims, pointing to the inclusion of Appellants' names on various service lists as evidence of their customer status. *Id.* at 1–3. Appellants also asserted that it was not appropriate for the Trustee to rely on the books and records of BLMIS to determine customer status. *Id.* at ¶ 18.

The Trustee objected to the Removal Motion and on November 14, 2012, the Bankruptcy Court, after a hearing, entered an order denying the motion with

8

prejudice (the "Removal Denial Order").  Bankr. ECF No. 5080. The Bankruptcy Court held that removal of a trustee was an extreme remedy because of the impact removal would have on the estate and the parties involved, and found that Appellants had not shown cause for implementing such an extreme remedy. *Id.* at 2. The Bankruptcy Court held that Appellants failed to set forth specific facts to support their request and instead relied upon only unsupported, conclusory allegations of prejudice on behalf of the Trustee. *Id.*  Finally, the Bankruptcy Court concluded that, at most, Appellants had demonstrated that they disagreed with the Trustee's treatment of their claims, which did not meet the threshold for removal. *Id.*

Appellants' notice of appeal was received by the Bankruptcy Court and docketed on November 30, 2012, two days after the expiration of the fourteen day appeal period established by Federal Rule of Bankruptcy Procedure 8002. Bankr. ECF No. 5136. Accordingly, Appellants filed an untimely notice of appeal of the Removal Denial Order. The fourteen day window mandated by Bankruptcy Rule 8002 can be extended by filing a written request for an extension, but Appellants failed to file such a request. Fed. R. Bankr. P. 8002(c)(2).[5]  In the appeal,

---

[5] Bankruptcy Rule 8002(c)(2) requires that a request to extend time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a

9

Appellants argued the Bankruptcy Court erred in denying the Removal Motion. The Trustee argued the District Court lacked jurisdiction over the appeal because the notice of appeal was untimely and, in any event, the Bankruptcy Court did not abuse its discretion in denying the Removal Motion.

On March 7, 2014, District Court Judge John G. Koeltl entered the District Court Dismissal Order dismissing the appeal for lack of jurisdiction because the notice of appeal was untimely. *Surabian v. Picard*, 13 Civ. 00935 (S.D.N.Y. filed Feb. 8, 2013), ECF No. 37.  Judge Koeltl went on to note "for purposes of completeness" that the Bankruptcy Court did not abuse its discretion in denying the Removal Motion. *Id.* at 4. Appellants' assertion that the Trustee should be removed because he had their claims expunged was an insufficient basis for removal. *Id.* at 5-6.

On April 4, 2014, Appellants moved to proceed *in forma pauperis* in this appeal. *Surabian v. Picard*, 13 Civ. 00935 (S.D.N.Y. filed Feb. 8, 2013), ECF Nos. 39, 40. Judge Koeltl denied the requests, concluding that the appeal was not taken in good faith. *Id.*, ECF No. 42. Appellants did not meet the good faith

---

showing of excusable neglect. *See Minhlong Enters. v. New York Int'l Hostel (In re New York Int'l Hostel)*, 194 B.R. 313, 316–17 (Bankr. S.D.N.Y. 1996) (the time period in which to file an appeal with a showing of excusable neglect had expired [and] therefore, even if the appellant had established excusable neglect, the appeal was filed one day late). Here, Appellants neither filed a written motion requesting an extension of time for filing their untimely notice of appeal nor attempted to make a showing of excusable neglect.

10

standard articulated by 28 U.S.C. § 1915, as "[A]ppellants have failed to demonstrate that their claims have any merit" and the appeal is "frivolous." *Id.*

## ARGUMENT

### A. Applicable Standard

This Court has the authority to dismiss an appeal when the appeal presents no arguably meritorious issue for the Court's consideration. *Pillay v. Immigration & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (holding that "we now conclude, and hold, that this court has inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for our consideration."); s*ee also Raghavendra v. Kaskin*, Nos. 12-4029, 12-4044, 12-4048, 2013 WL 7095400 (2d Cir. Feb. 14, 2003) (dismissing appeals that lack arguable basis in law or fact); *Devi v. Rajapaksa*, No. 12-4081, 2013 WL 3855583 (2d Cir. Jan. 30, 2013) (same).

Similarly, this Court has the authority to summarily affirm a district court judgment in place of full merits briefing when there are no non-frivolous issues on appeal. *See, e.g., United States v. Bonilla*, 618 F.3d 102 (2d Cir. 2010); *United States v. Torres*, 129 F.3d 710, 717 (2d Cir. 1997). Summary affirmance is "a short-cut and . . . one that is available only if an appeal is truly 'frivolous.'" *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010).

Essentially the same standard is applied when evaluating whether an appeal is frivolous for purposes dismissal or summary affirmance. An appeal is frivolous and should be dismissed when it "lacks an arguable basis in law or fact." *Bletas v. Deluca*, No. 11-5422, 2013 WL 2948103, at *1 (2d Cir. Jan. 17, 2013) (dismissing appeal). Similarly, summary affirmance is appropriate for a frivolous appeal, one which "lacks an arguable basis either in law or in fact." *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010) (internal quotations omitted) (granting summary affirmance).

Whether an appeal is frivolous refers to the ultimate merits of the appeal. *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007). The fact that a case is easy does not automatically render it "inarguable or fanciful." *Davis*, 598 F.3d at 14. Rather, a frivolous case is one where there is "not even a colorable legal or factual basis for the relief sought." *Der-Rong Chour v. Immigration & Naturalization Serv.*, 578 F.2d 464, 468 (2d Cir. 1978) (where appellant raised same arguments that had previously been rejected by an earlier appeal, and identifying current appeal as "one more step in an outrageous abuse of civil process through persistent pursuit of frivolous and completely meritless claims"). A frivolous appeal "embraces not only . . . inarguable legal conclusion, but also . . . fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (cited by *Pillay*, 45 F.3d at 17 as articulating the standard for dismissing an appeal).

B.    **The Appeal is Frivolous and Should be Dismissed or Summarily Affirmed**

Appellants have not and cannot proffer any arguments, facts, or law that in any way support their position in this appeal. Appellants filed their notice of appeal late, and they did not file a written request for an extension. The appeal was untimely. The District Court did not have jurisdiction over the late-filed appeal and was required to dismiss. Appellants cannot articulate any basis to support a different result. This frivolous appeal is meritless, and should be dismissed or, in the alternative, the District Court Dismissal Order should be summarily affirmed.

Bankruptcy Rule 8002(a) sets forth a fourteen day time period for appeals from a bankruptcy court to a district court. *Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 673 F.3d 180, 185–86 (2d Cir. 2012). The time limits set forth in Bankruptcy Rule 8002(a) for filing a notice of appeal are jurisdictional and "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." *Swiatkowski v. Citimortgage Inc.*, 478 F. App'x 704 (2d Cir. 2012) (internal citations omitted); s*ee also Asbestos Pers. Injury Plaintiffs v. Travelers Indem. Co. (In re Johns-Manville Corp.)*, 476 F.3d 118, 121 (2d Cir. 2007) ("Courts, including the Second Circuit, have frequently stated that time limits for filing a notice of appeal are jurisdictional.");

13

*Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional . . . ."). Therefore, a district court *must* dismiss an appeal when the notice of appeal is not timely. *See Harris v. Albany County Office (In re Harris)*, 464 F.3d 263, 270 (2d Cir. 2006) (holding that Bankruptcy Rule 8001(a) "makes clear that a district court enjoys discretion to dismiss an appeal [on procedural grounds] in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case.").

The Removal Denial Order was entered by the Bankruptcy Court on November 14, 2012. Appellants' notice of appeal to the Bankruptcy Court was docketed the day it was received by the Bankruptcy Court, on November 30, 2012. Appellants have not disputed these facts. Because filing a notice of appeal is not complete until the clerk actually receives the notice, Appellants' filing was not timely. *See One Stop Realtour Place, Inc. v. Allegiance Telecom Liquidating Trust (In re Allegiance Telecom, Inc.)*, 2005 U.S. Dist. LEXIS 31577, at *2–3 (S.D.N.Y. Dec. 1, 2005) (the resulting one day defect under Bankruptcy Rule 8002 is jurisdictional and the appellant's *pro se* status cannot serve as a basis to overlook

this jurisdictional defect). Appellants did not seek an extension in accordance with Bankruptcy Rule 8002(c).[6]

Appellants are proceeding *pro se*, which is not grounds for granting jurisdiction over a late-filed appeal. Even as *pro se* litigants, however, they have significant litigation experience in proceedings before the Bankruptcy Court, and are already veterans of multiple appeals. Appellants have successfully satisfied Bankruptcy Rule 8002(a)'s fourteen day filing requirement in other appeals. They failed to do so here.

Regardless of the merits of the appeal—and the Trustee submits there are none—Appellants cannot transform a late appeal into one that is timely. There are no exceptions to the jurisdictional nature of Rule 8002. Nothing would be gained by the parties submitting briefs before this Court as there are no questions of fact or law to be considered because there is no jurisdiction. Indeed, in denying Appellants' request to proceed *in forma pauperis*, Judge Koeltl concluded that this appeal is not being taken in good faith and is frivolous. The appeal should be dismissed, or the District Court Dismissal Order should be summarily affirmed.

---

[6] Additionally, a notice of appeal, filed late but within the 21-day window for moving to extend the time for an appeal, cannot be treated as a timely motion to extend. *Sellitti v. R.H. Macy & Co. (In re R.H. Macy & Co.)*, 173 B.R. 301, 302 (S.D.N.Y. 1994) ("[T]he Second Circuit will no longer treat a late-filed notice of appeal as a motion for an extension of time to file such notice.").

# **CONCLUSION**

For these reasons, the Trustee respectfully requests that this Court dismiss this appeal or, in the alternative, summarily affirm the District Court Dismissal Order.

Dated: New York, New York
July 1, 2014

Respectfully submitted,

*/s/ David J. Sheehan*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com


Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Plaintiff-Appellee Irving H. Picard, as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Dena S. Kessler
Baker & Hostetler LLP
1050 Connecticut Avenue NW
Suite 1100
Washington, DC 20036
Telephone: (202) 861-1500
Facsimile:  (202) 861-1783

*Of counsel*